## LLEWELLYN F. AND BETTY RENVILLE v. DEPARTMENT OF REVENUE

Robert S. Quinney, Davies, Biggs, Strayer, Stoel & Boley, Portland, represented plaintiffs.

Walter J. Apley, Assistant Attorney General, Salem, represented defendant.

Decision for defendant rendered March 20, 1973.

CARLISLE B. ROBERTS, Judge.

Plaintiffs appealed from the defendant's Order No. I-71-32 which required the payment of an Oregon personal income tax deficiency in the principal sum of $2,129.50 for the 1969 tax year.

In 1969, the bowling alley owned by the plaintiffs, husband and wife, was destroyed by fire and they were indemnified by insurance proceeds. The insurance payments were in excess of the plaintiffs' adjusted basis in the property and plaintiffs realized a taxable capital gain on this involuntary conversion.

Upon filing their original 1969 federal and Oregon personal income tax returns, plaintiffs indicated the gain realized in excess of their loss (as measured for income tax purposes) and elected to reinvest the proceeds in property similar or related in service or use, thus deferring recognition of gain for both federal and state income tax purposes, pursuant to Int Rev Code of 1954, § 1033, and the Oregon Personal Income Tax Act of 1969 (ORS chapter 316, 1969 Replacement Part).

In the early part of the calendar year 1971, plaintiffs decided not to reinvest the insurance proceeds and the deferred tax became due. Such a change in election is contemplated by Treas Reg § 1.1033 (a)-2(c) (2), which reads:

"* * * If, after having made an election under section 1033 (a)(3), the converted property is not replaced within the required period of time, * * * or a decision is made not to replace, the tax liability for the year or years for which the election was made shall be recomputed. Such re-

computation should be in the form of an 'amended return.' * * *"

Obedient to the federal requirement, the plaintiffs filed an amended federal income tax return for the 1969 tax year, reporting the full amount of the gain realized from the involuntary conversion of their bowling alley. They also filed an amended 1969 Oregon personal income tax return. The report of the capital gains for federal purposes resulted in a greater federal tax liability for 1969 and plaintiffs deducted the additional federal taxes on their amended Oregon return, substantially decreasing the sum otherwise subject to the Oregon income tax.

The defendant disallowed the additional federal income tax deduction for 1969, pursuant to its interpretation of ORS 316.072, which reads, in the pertinent part:

"(1) * * * for tax years beginning on and after January 1, 1969, the federal income tax dededuction provided by ORS 316.067 shall be reported by the taxpayer on the *accrual method* of accounting. *Any adjustments to the federal income tax deduction* now or hereafter required by Oregon law, including but not limited to the elimination of the self-employment tax, also *shall be computed* and eliminated *according to the accrual method* of accounting." (Emphasis supplied.)

Both parties agree that an income tax liability can be accrued only when all the events have occurred which determine the fact of liability. See *United States v. Anderson,* 269 US 422, 441, 46 S Ct 131, 70 L Ed 347 (1926). The plaintiffs' view is that, in spite of the election to defer tax, and notwithstanding the possibility of a lawful subsequent rescission of the elec-

tion, "all the events" which fix the time of accrual had occurred in 1969. The defendant's order states:

"* * * The general rule is that when an obligation to pay is contingent on the happening of some future event, the obligation does not become fixed until the event has transpired. In the instant case the contingency which would determine the actual tax liability was the investment in whole or in part of the proceeds, and no liability could be asserted by the department for the year 1969 until this contingency occurred. Under these circumstances it cannot be said that an accrual of any taxes on the involuntary conversion took place within the calendar year 1969."

Are the plaintiffs entitled to claim the additional federal tax deduction on an amended 1969 Oregon income tax return?

As stated in 2 Mertens, *Law of Federal Income Taxation,* § 12.01, at 5 and 6:

"The fundamental question of *when* items become income and *when* items are deductible, despite years of extensive litigation, are still troublesome today. * * * The struggle to adhere to the fundamental requirement that both income and deductions be fitted into a limited and inelastic period of time, often resulting in a conflict between the Government and the taxpayer, is the source of most of the irritations and complexities of the problem. The question revolving around the *time when* an item is income or a deduction cannot be solved *solely* by reference to the method of accounting employed by the taxpayer, but depends for solution also on the limitations of the Code provisions, particularly in the case of deductions. * * *"

Again, in 2 Mertens, *supra,* § 12.04, at 14:

"* * * For tax accounting purposes there is no rule that expenses must be deductible in the

same year as that in which the income related to those expenses is taxable; under either the cash or the accrual method it is possible that expenses may be deductible in a year either prior or subsequent to the year in which the related income is includible. * * *"

And in 2 Mertens, *supra*, § 12.18, at 87:

"* * * For accrual basis taxpayers the deduction is to be taken in the year in which all events have occurred which determine the fact of liability and the amount thereof can be determined with reasonable accuracy. * * *" [Citing Treas Reg § 1.461-1 (a)(2) and *United States v. Consolidated Edison Co. of New York, Inc.*, 366 US 380, 81 S Ct 1326, 6 L Ed2d 356 (1961)].

ORS 316.072(1), quoted above, is a specific exception to the policy set out in ORS 316.007 and 316.012 and specifically provides the procedure for treating a deduction which is granted only by the state; i.e., the federal income tax deduction on the state return. The provision that "any adjustments to the federal income tax deduction * * * shall be computed * * * according to the accrual method of accounting" can be interpreted in only one way; that is, by recognizing that the ordinary elements of accrual require all events to have occurred which determine the fact of liability. This is the thrust of the 1969 Oregon regulation, Reg. 316.072, the third paragraph of which reads:

"Federal taxes for tax years beginning on and after January 1, 1969, will be accrued as of the end of the year for which the federal taxes are computed or, in the case of a deficiency, at the time that the *deficiency* has been actually determined." (Emphasis supplied.)

A "deficiency," as used in the regulation, is in-

volved in the present case. The word is defined in Int Rev Code of 1954, § 6211 (and federal definitions must be followed unless the Oregon statute specifically provides otherwise. ORS 316.012). The definition is somewhat difficult to interpret, because it uses the same word it defines as part of the expression and meaning. However, 9 Mertens, *supra,* § 49.128, at 236, describes the present situation:

> "* * * Additional tax shown on an amended return filed after the due date of the return, [sic] is a deficiency within the meaning of the Code. * * *" [Citing Treas Reg § 301.6211-1(a).]

In 9 Mertens, *supra,* § 49.129, at 239, the author states that a deficiency is neither a legal theory nor an intangible concept. "It is an *amount* of tax due * * *." No federal tax was due in the present case until 1971; there was no federal deficiency until 1971.

"* * * A liability does not accrue as long as it remains contingent. *Brown v. Helvering* [4 USTC ¶ 1223], 291 U. S. 193, 200 (1933). * * *" *Rath Packing Co. v. Bacon,* 255 F Supp 809 (SD Iowa 1966), 17 AFTR2d 1023, 66-1 USTC ¶ 9431. Since the federal statute allows deferral of tax on the election of a taxpayer and the regulation of the Internal Revenue Service allows rescission of the election, the court concludes that no tax would accrue for federal purposes until the reinvestment was actually made or the election was rescinded. The fact that, for purposes of the calculation of the tax due, the Internal Revenue Service chooses to have the taxpayer report the gain on a 1969 form of amended return, on account of an event which occurred in 1971, does not change the time of accrual in 1971. The federal procedure, set up in the Int Rev Code of 1954, § 1033, and Rev Rul 68-631, 1968-2 Cum

Bull 198, is within the federal taxing power but the state has a similar power to enact the procedure required by ORS 316.072 (1).

The federal Rev Rul 68-631, 1968-2 Cum Bull 198, cited by plaintiffs, illustrates some of the difficulties presented in consideration of the present case. In that ruling, the federal administrators have utilized their rule-making power under the Int Rev Code of 1954, § 7805 (b), requiring that additional uncontested state income tax deficiencies "relate back to the year for which the taxes were originally imposed." This court can find no basis to prohibit the Oregon legislature from enacting a different rule. The wisdom of the state's statute, questioned by the plaintiffs, is not within the purview of the court.

It is noted that an amendment to Oregon's Reg 316.072, promulgated December 31, 1970, adds the following to the third paragraph, quoted above:

"* * * The additional federal tax on an amended return filed after the due date will be accrued at the time of filing and deductible in that year rather than the year to which the tax relates. When the Internal Revenue Service makes a change to the computed tax, it will always be accrued at the date of final determination, whether before or after the due date of the return."

Although this part of the regulation was promulgated after the 1969 return of the taxpayers was due, the court finds it to be implicit in ORS 316.072 (1).

This is a case of first instance; no authorities have been cited which determine the question. The general rule that the acrual method seeks to match the income with the expenses which produced the income in the same accounting period seems fair on its face. But

upon contemplation of the specific statute, ORS 316.072 (1) (including the provision that any *adjustment* to the federal income tax deduction shall be computed according to the accrual method), it is apparent that the specific provision must overcome the general rule. Further, in a tax case which involves a tax liability which can be deferred under the tax law, the court is compelled to reject the contention that, for accrual purposes, a part of the tax law relating to the election, permitting the revocation thereof, can be disregarded. Until the converted property is replaced or the election is abandoned, there has been no occurrence of all the possible events which determine tax liability. This is distinguishable from the case where a legal tax, known but not due, is accrued. *United States v. Anderson, supra.* In the situation under study here, if there is acquisition of like property, a substituted basis is established and tax may never become due (e.g., by reason of death or of further exchanges of property).

Note is taken that no party adverted to ORS 316.067 (1) (b) with its phrase "taxes *actually* paid" (emphasis supplied) which is referred to in ORS 316.072. This need not be construed since, under the court's holding, the years of actual payment and of accrual coincided.

Defendant's Order No. I-71-32 is affirmed.